## STATE OF NEW JERSEY v. GEORGE SOSIN.

Superior Court of New Jersey
Appellate Division

Decided June 22, 1964.

Mr. *Robert C. Gruhin,* attorney for appellant.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

PER CURIAM. On March 6, 1963 defendant was stopped by a state trooper on the New Jersey Turnpike in the Borough of Carteret and given a summons charging him with operating his motor vehicle at 73 M. P. H. in a 60 M. P. H. zone, in violation of the New Jersey Turnpike Authority regulation promulgated under *N. J. S. A.* 27:23–29. The summons was issued on the basis of a recording made by a radar machine operated by the trooper. The Carteret municipal court magistrate found defendant guilty, fined him $13 and $5 costs, and revoked his driving privileges for 30 days.

Upon appeal to the Middlesex County Court and after a trial *de novo,* defendant was found guilty as charged and the same sentence imposed.

Defendant filed his notice of appeal to this court on July 18, 1963. The transcript of the County Court trial was filed September 30, 1963. On February 21, 1964 the deputy clerk of this court sent a notice to defense counsel calling his attention to the fact that no brief had been filed and that the time for such filing had expired. Counsel was requested to advise the deputy clerk by return mail why the appeal should not be listed for dismissal for failure to prosecute in accordance with the rules. He replied on February 25, advising that he was about to proceed with the completion of his brief and would,

if necessary, file a petition for an extension of time. He requested that the appeal be kept on the current list.

At the direction of the presiding judge of this Part, a letter was sent to defendant's attorney on March 2 noting that his brief was far overdue and that no extension had been sought or granted. Further, no persuasive reasons for the delay had been presented. He was directed to pay a penalty of $50 to the Superior Court Clerk and to file his brief before March 10. Additionally, he was requested to submit an order extending the time within which the brief was to be filed to March 10, peremptorily, the order to include a provision covering the penalty. No order extending time was submitted. The penalty has never been paid. Instead, defendant's attorney proceeded to file an appendix on March 6 and his brief on May 25, 1964, without explanation and without covering order.

We directed defense counsel to appear before us on June 15 to explain why he had failed to carry out our directive and also why his brief had been filed almost seven months out of time. Counsel appeared but gave no adequate explanation. Although he stated that he would forthwith file an affidavit setting out persuasive reasons for his delay, he has failed to do so.

Under the circumstances, and in light of the flagrant violation of the rules, the appeal is dismissed.

(Notices of petition for certification and of appeal were thereafter filed and the Supreme Court on September 21, 1964, dismissed the application for certification and the appeal.)